J-A22026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CAROL SCHNEIDER AND ERIK SCHNEIDER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| GIANT FOOD STORES, LLC, AND GIANT FOOD STORE #6043 | |
| Appellees | No. 458 EDA 2017 |

Appeal from the Order Entered January 9, 2017
In the Court of Common Pleas of Northampton County
Civil Division at No(s): C0048CV2015-1548

BEFORE:  BOWES, J., LAZARUS, J., and PLATT, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY LAZARUS, J.:

I respectfully concur in part and dissent in part.  I concur with the learned Majority's conclusions that the Schneiders have waived their spoliation claim and their "***Naty-Glo*** rule" claim is meritless.  However, I dissent from the Majority's affirmance of the trial court's summary judgment order.  The majority predicates its legal conclusion upon factual determinations that I believe should have been within the province of the trier of fact.  Therefore, I would reverse the order of the trial court granting summary judgment in favor of Giant.

The Majority concludes that the Schneiders did not produce evidence demonstrating a genuine issue of material fact that would preclude entry of

_____

[*] Retired Senior Judge assigned to the Superior Court.

summary judgment. Contrarily, I believe the Schneiders presented direct and circumstantial evidence that Giant had constructive notice of the spill and failed to warn or correct the spill, from which evidence the trial court inappropriately drew speculative conclusions to the contrary.

First, I believe a genuine issue of material fact exists with regard to whether Giant had constructive notice of the spill. Mrs. Schneider alleges she slipped and fell on a clear liquid and that her pant leg was wet following her slip and fall. Surveillance video produced by Giant shows Regalis cleaning up the self-checkout station floor moments before and after Schneider's fall, corroborating Schneider's testimony that the liquid hazard existed. Furthermore, Mrs. Schneider avers that because Regalis was at a podium near the spill and overlooking the entire self-checkout area, a jury could reasonably conclude that Giant had constructive notice of the hazard prior to Schneider's fall. **See Zito**, 647 A.2d at 575 (to recover damages in slip and fall, invitee must present evidence which proves proprietor had constructive notice of hazardous condition).

The trial court disagreed, stating that "the [surveillance] video, which showed [Regalis] routinely monitored the area, coupled with testimony that [Regalis] does not recall seeing a puddle prior to [Schneider] falling, tends to suggest that the hazard did not exist for such a duration that [Giant] would have had constructive notice of the purported hazard." Trial Court Opinion, 6/19/17, at 10. I believe the trial court speculates as to how to interpret, collectively, Regalis' poor recollection, approximately 26 minutes of video

footage, and Mrs. Schneider's own testimony. In doing so, the trial court usurped the role of the factfinder and improperly concluded that Giant did not have actual or constructive notice of the liquid. *Cf. Rabutino v. Freedom State Realty Co., Inc.*, 809 A.2d 933, 939-41 (Pa. Super. 2002) (reversing trial court's order granting summary judgment in favor of plaintiff when plaintiff presented evidence that would enable reasonable jury to find defendant had actual knowledge of foreseeable risk of harm that went effectively unchecked).

Regarding the constructive notice element critical to the Schneider's claim, the Majority finds *Sellers* and *Scott* instructive. In *Scott*, the U.S. Supreme Court held, and the Pennsylvania Supreme Court agreed, "when opposing parties tell two different stories, one of which is *blatantly contradicted* by the record . . . a court shall not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Sellers*, 550 U.S. at 380 (emphasis added).

The Majority concedes that the video, which is choppy and does not include audio, does not *blatantly contradict* Mrs. Schneider's testimony. However, the Majority suggests footage of Regalis glancing at the spill, prompted by Mrs. Schneider's pointed finger moments after her fall, patently undermines an inference of prior knowledge or notice of the spill. The Majority, citing this moment, suggests the glance was revelatory, and thus, Regalis was likely unaware of a hazard. This too is speculative. Furthermore, the trial court neither cited *Sellers* or *Harris* in its opinion nor discussed

Regalis' glance in concluding Giant did not have constructive notice of the spill; its wholly speculative conclusions were premised on less developed facts and case law.

Second, I believe Schneider raises a genuine issue of material fact regarding Giant's failure to warn or correct the hazard. The trial court, having identified that Giant owed Schneider a duty of care, concluded that Giant took reasonable action to correct the hazard that caused Schneider's injury, stating: "Regalis' periodic monitoring and cleaning of the area is indicative [] that [Giant], through its employee, was exercising reasonable care." Trial Court Opinion, 6/9/17, at 9. Again, the trial court's speculation as to the interpretation of Regalis' monitoring/cleaning activity, as it relates to mitigating the alleged hazard that caused Schneider's injury, subverts the jury's fact-finding role. Moreover, the record includes contradictory evidence that an employee removed a soda case (a feasible source of the liquid) from the area after Schneider fell, Schneider's testimony and video showing that cones did not mark the wet spot,[1] and that cleaning/monitoring the self-

---

[1] Restatement of Torts § 344 provides, in relevant part, as follows:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

checkout area is not a responsibility of Giant's clean sweep employees. Additionally, Schneider proffered that a fact-finder could reasonably infer that Regalis' approaching shift change[2] dissuaded her from rectifying an apparent spill or leak of which the next employee would be imminently responsible. Even so, the trial court determined Giant took reasonable care to prevent slip and fall incidents. In making this determination, the trial court again usurped the function of the jury. This was a clear abuse of discretion.

In light of the foregoing, I disagree with the learned Majority's decision affirming the trial court's order granting summary judgment in favor of Giant.

Accordingly, I respectfully concur in part and dissent in part.

---

(b) ***give a warning to enable the visitors to avoid the harm***, or otherwise protect them against it.

Restatement of Torts § 344 (emphasis added).

[2] Regalis' supervisor indicated that she likely left the scene of the slip-and-fall only minutes after it occurred due to a scheduled shift change. Deposition of James R. Sentiwany, Jr., 10/20/15, at 23-24.